UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PUBLIC HEALTH AND MEDICAL PROFESSIONALS FOR TRANSPARENCY,**

Plaintiff,

v.                                                                 No. 4:21-cv-1058-P

**FOOD AND DRUG ADMINISTRATION,**

Defendant.

# ORDER

This case involves the Freedom of Information Act ("FOIA"). Specifically, at issue is Plaintiff's FOIA request seeking "[a]ll data and information for the Pfizer Vaccine enumerated in 21 C.F.R. § 601.51(e) with the exception of publicly available reports on the Vaccine Adverse Events Reporting System" from the Food and Drug Administration ("FDA"). *See* ECF No. 1. As has become standard, the Parties failed to agree to a mutually acceptable production schedule; instead, they submitted dueling production schedules for this Court's consideration. Accordingly, the Court held a conference with the Parties to determine an appropriate production schedule.[1] *See* ECF Nos. 21, 34.

"Open government is fundamentally an American issue"—it is neither a Republican nor a Democrat issue.[2] As James Madison wrote, "[a] popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy; or, perhaps, both. Knowledge will forever govern ignorance: And a people who mean to be their own Governors, must arm themselves with the power which

---

[1] Surprisingly, the FDA did not send an agency representative to the scheduling conference.

[2] 151 CONG. REC. S1521 (daily ed. Feb. 16, 2005) (statement of Sen. John Cornyn).

knowledge gives."[3] John F. Kennedy likewise recognized that "a nation that is afraid to let its people judge the truth and falsehood in an open market is a nation that is afraid of its people."[4] And, particularly appropriate in this case, John McCain (correctly) noted that "[e]xcessive administrative secrecy . . . feeds conspiracy theories and reduces the public's confidence in the government."[5]

Echoing these sentiments, "[t]he basic purpose of FOIA is to ensure an informed citizenry, [which is] vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1977). "FOIA was [therefore] enacted to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). And "Congress has long recognized that 'information is often useful only if it is timely' and that, therefore 'excessive delay by the agency in its response is often tantamount to denial.'" *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 165 (S.D.N.Y. 2019) (quoting H.R. REP. NO. 93-876, at 6271 (1974)). When needed, a court "may use its equitable powers to require an agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

Here, the Court recognizes the "unduly burdensome" challenges that this FOIA request may present to the FDA. *See generally* ECF Nos. 23, 30, 34. But, as expressed at the scheduling conference, there may not be a "more important issue at the Food and Drug Administration . . . than the pandemic, the Pfizer vaccine, getting every American vaccinated, [and] making sure that the American public is assured that this was not [] rush[ed] on behalf of the United States . . . ." ECF No. 34 at 46.

---

[3] Letter from James Madison to W.T. Barry (August 4, 1822), *in* 9 WRITINGS OF JAMES MADISON 103 (S. Hunt ed., 1910).

[4] John F. Kennedy, Remarks on the 20th Anniversary of the Voice of America (Feb. 26, 1962).

[5] *America After 9/11: Freedom Preserved or Freedom Lost?: Hearing Before the S. Comm. on the Judiciary*, 108th Cong. 302 (2003).

Accordingly, the Court concludes that this FOIA request is of paramount public importance.

"[S]tale information is of little value." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). The Court, agreeing with this truism, therefore concludes that the expeditious completion of Plaintiff's request is not only practicable, but necessary. *See Bloomberg, L.P. v. FDA*, 500 F. Supp. 2d 371, 378 (S.D.N.Y. Aug. 15, 2007) ("[I]t is the compelling need for such public understanding that drives the urgency of the request."). To that end, the Court further concludes that the production rate, as detailed below, appropriately balances the need for unprecedented urgency in processing this request with the FDA's concerns regarding the burdens of production. *See Halpern v. FBI*, 181 F.3d 279, 284–85 (2nd Cir. 1991) ("[FOIA] emphasizes a preference for the fullest possible agency disclosure of such information consistent with a responsible balancing of competing concerns . . . .").

Accordingly, having considered the Parties' arguments, filings in support, and the applicable law, the Court **ORDERS** that:

1. The FDA shall produce the "more than 12,000 pages" articulated in its own proposal, *see* ECF No. 29 at 24, **on or before January 31, 2022.**

2. The FDA shall produce the remaining documents at a rate of **55,000** pages every **30 days**, with the first production being due **on or before March 1, 2022**, until production is complete.

3. To the extent the FDA asserts any privilege, exemption, or exclusion as to any responsive record or portion thereof, FDA shall, concurrent with each production required by this Order, produce a redacted version of the record, redacting only those portions as to which privilege, exemption, or exclusion is asserted.

4. The Parties shall submit a Joint Status Report detailing the progress of the rolling production by **April 1, 2022**, and every **90 days** thereafter.[6]

**SO ORDERED** on this **6th day** of **January, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[6]Although the Court does not decide whether the FDA correctly denied Plaintiff's request for expedited processing, the issue is *not* moot. Should the Parties seek to file motions for summary judgment, the Court will take up the issue then.