UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PUBLIC HEALTH AND MEDICAL PROFESSIONALS FOR TRANSPARENCY<br><br>*Plaintiff,*<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § | CASE NO. 4:21-CV-01058-P |

**PFIZER INC.'S MOTION FOR LEAVE TO INTERVENE
FOR A LIMITED PURPOSE**

Pursuant to Fed. R. Civ. P. 24(a) and (b), Pfizer Inc. ("Pfizer") moves for leave to intervene for a limited purpose in the above-captioned case. This litigation arises from Plaintiff's request under the Freedom of Information Act ("FOIA") for the Food and Drug Administration ("FDA") to release information submitted by Pfizer in support of a biologics license application ("BLA") for Pfizer-BioNTech's COVID-19 vaccine ("the vaccine"). Pfizer supports the public disclosure of the vast majority of this information, to promote transparency and the public's confidence in the vaccine, and indeed Pfizer, FDA, and others already have made public extensive data and information about the vaccine. Pfizer's interest in intervening is to facilitate a rapid disclosure

process while not compromising the statutorily-protected confidentiality of certain categories of information that Pfizer has provided to FDA as part of the BLA approval process.

Because FDA has expressed concern about whether it can adequately review the volume of material in time to protect against the disclosure of confidential commercial information, Pfizer seeks leave to intervene, at the Court's and Government's suggestion, for the limited purpose of helping FDA and the Court ensure expeditious action as ordered by this Court and ensuring that Pfizer is informed of relevant developments in relation to the case. Pfizer recognizes that it is the Government's province to make the relevant determinations under FOIA, but Pfizer hopes that engaging in a dialogue with the Government where it has questions about Pfizer's view regarding certain portions of the BLA will make it easier for the Government to meet the production schedule ordered by this Court.

The accompanying Memorandum of Points and Authorities sets out why this motion should be granted. A proposed order is submitted herewith as Exhibit 1. A statement of interest is submitted herewith as Exhibit 2.

Dated: January 21, 2022

Respectfully submitted,

*/s/ Daniel L. Tobey*
Daniel L. Tobey
State Bar No. 24048842
**DLA PIPER LLP (US)**
1900 N. Pearl St, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Ashley Allen Carr
State Bar No. 24082619
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001

        Matthew A. Holian *(pro hac vice forthcoming)*
        **DLA PIPER LLP (US)**
        33 Arch Street, 26th Floor
        Boston, Massachusetts 02110-1447
        Telephone: (617) 406-6009
        Facsimile: (617) 406-6109

        ***Counsel for Proposed Intervenor Pfizer Inc.***

## CERTIFICATE OF CONFERENCE

I certify that on January 19, 2022, I conferred with counsel for Defendant regarding this Motion. Counsel for Defendant indicated that Defendant is unopposed to the relief sought herein. I further certify that counsel for Pfizer (Matt Holian and Danny Tobey) conferred with Plaintiff's counsel (Aaron Siri and Elizabeth Brehm) on the Motion by videoconference on January 20 and by email on January 20 and 21. Agreement could not be reached because Plaintiff's counsel stated Plaintiff's position as follows: "Plaintiff does not object to Pfizer moving to intervene, so long as Pfizer intends to only address decisions going forward and not to ask the Court to reconsider decisions it has already reached since any motion to intervene as to already adjudicated matters is untimely." Pfizer does not presently intend to move the Court to reconsider its January 6, 2022 order, but Pfizer is not in a position at this time to waive its ability to do so if circumstances change such that there is good cause at a later time to do so. Pfizer also disagrees with Plaintiff that its motion to intervene is untimely.

        */s/ Daniel L. Tobey*
        Daniel L. Tobey

## CERTIFICATE OF SERVICE

I certify that on January 21, 2022, I electronically filed the foregoing Motion for Leave to Intervene using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

        */s/ Daniel L. Tobey*
        Daniel L. Tobey